NO. 8385

COURT OF APPEAL

PARISH OF ORLEANS

----

CHARLES F. PETERSON

versus

FRANK P. BARRY

-----

June 5/22

Dinkelspiel; J.

Plaintiff institutes this suit claiming the sum of
Seven Hundred and Twenty Four and 44/100 Dollars, for this
to wit:

That on September 18th, 1918, plaintiff entered
into a written contract with defendant for certain reno-
vations and construction work on the premises No. 2026 St.
Charles Avenue; a copy of said contract is annexed to the
petition, marked Exhibit "A".

That under said contract plaintiff was to receive
for said work, the sum of Twenty Two Hundred and Fifty Dol-
lars, payable as therein set forth. Avers further that on
October 16th, 1918, he entered into a supplemental contract
for additional work on the same premises and was to be paid
the sum of One Hundred and Forty Seven Dollars under that
contract. And further alleged that on November 29th of
the same year, he entered into a second supplemental con-
tract for additional work to be done on the same premises
for which he was to receive the sum of Forty Eight Dollars.
All the foregoing contracts were in writing and also made
part of the plaintiff's petition.

Alleged further that under instructions of the
defendant, other extra work was to have been furnished
and he annexes a detailed statement, claiming the sum
of Two Hundred and Seventy Six and 20/100 Dollars.

Finally plaintiff alleges that he has performed
all the work required of him under the said contracts, in
accordance with the terms of same, but defendant has failed
and refused to pay him the amount due; has refused to ac-
cept the work, although completed under his contract.
Avers amicable demand and prays for judgment.

Defendant admits the various contracts sued up-
on, but denies that said contracts were carried out in
accordance with specifications, and therefore, refused
to pay the full amount due defendant, denying that he

owes anything, and relying on the clause:

"Should the contractor for any reason fail or neglect to perform the work contemplated in this agreement, the owner shall be at liberty to have the work completed at the cost and expense of said contractor."

He further avers that the contract provided that plaintiff should have completed same within fifty days from its date, claiming that not having done so, he was entitled to get modifications of the agreement and damages for demurrage. Alleges further that plaintiff having failed to prosecute the work as agreed upon, he notified him in writing on the 17th of December, 1918, that the contract had been withdrawn and that he, plaintiff, was in default, and therefore gave notice in accordance with his contract. That defendant was compelled to solicit bids to complete said work, which he did, itemizing the sums expended in statement annexed to his answer, and finally prays that plaintiff's claim be rejected and that in re-convention, defendant recover of plaintiff, the sum of Six Hundred Seventy Seven and Seventy Five One Hundredths Dollars, rejecting plaintiff's demand at his cost.

Specifications and plans are annexed to the contracts and are made part of this record, together with correspondence between plaintiff and defendant.

Plaintiff, as a witness in his own behalf testifies substantially to performance of his contracts with defendant in so far as it was possible for him to do so, certain exceptions to the entire completion of the contracts in question were admitted, but claimed to be caused by the acts of the defendant, in constantly interfering with the workmen sent to his residence in order to carry out the contracts in question. This fact was proven by many of the workmen, most of them swearing that defendant constantly

cursed and abused them, going so far as threatening to kill one or more of them. It has been also established by the testimony of Jones, Martinez, Cohen and Millon, all of them either supplying materials to plaintiff as contractor on these premises, or workmen, that the work was substantially completed with the exceptions heretofore detailed and all of them in their respective lines of business, who had supplied lumber, paints and other articles, testified to the fact that in so far as it was possible, they had done the work entirely up to and according to the contract.

The defendant in his own behalf, in lengthy general statements, denied emphatically that he ever interfered with any of the workmen or with the plaintiff himself, and further testified that the work, save and except pertain parts of it, had been executed in accordance with the contracts; that the workmen were not annoyed but that he never interfered with them and did everything he could to aid and assist plaintiff in executing his contract, and when plaintiff failed in doing this he was compelled to take and employ other people and furnish other materials in order to finish the building in question, and do work that should have been done by plaintiff which was not done by him, and he was put to great inconveniences, loss of time and compelled to pay the large amounts of money, for which he claimed in reconvention, judgment against plaintiff.

But on the trial of this case, before this Court, the reconventional demand was abandoned in open Court by counsel and simply prayed that under a judgment, plaintiff's suit be dismissed at his cost.

He has endeavored by the evidence of Lockhart, Larsen, Babst and his own evidence together with his wife's, to establish these facts.

A careful investigation of this record satisfies us that defendant has failed to establish, to our satisfaction, his claims for improper work done under the various contracts, but on the contrary, we are convinced that plaintiff has substantially carried out his contract as far as it lie in his power, and was stopped by the defendant in the exeaution of his work, until finally after almost completing the entire job, and delivery of certain wall paper and other materials which the testimony discloses he could not fulfill through the acts of the defendant.

To go through and itemize the defendant's statements, and all the testimony of the many witnesses contradictory, would accomplish no useful purpose, and would not serve the interest of justice. We take the record as we find it, and from its examination we are convinced that the Judge of the Court aquo who heard all the testimony in this case, and having kaaxdxakk seen the witnesses and noted the manner in which they testified, was in a better position to judge than we are, and he came to the conclusion that plaintiff was entitled to a judgment for the sum of Six Hundred and Eleven and Forty Four One Hundredths Dollars, with legal interest from judicial demand until paid, and all costs of this suit.

We find in the case of Dugue, vs. Levy, 114 La. at p. 23, the following excerpt, which we quote:

"A substantial performance of the contract is all that the law requires, and the employer will not be permitted to avoid payment because the striot letter of the agreement had not been carried out. Slight deviations, therefore, or technical, unimportant, or inadvertent omissions or defects will not bar recovery.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment of the Court aquo be and the same is hereby affirmed, with costs of both Courts to be paid by the defendant.

–Judgment affirmed.